### Robert Hosie vs. E. Harrington et. al.

S. L. 1869, 101. provide that when suit is commenced against two or more *joint* defendants, one or more of whom shall reside or be found in the county where the suit shall be brought, and one or more of the defendants shall be served with process or declaration in the county where suit is commenced, the plaintiff in such action may sue out one or more writs of summons, or other writ whereby such suit was commenced, directed to the county where such defendant not so served may be found. *Held*, that the statute applies only to defendants *jointly* liable.

*Wayne Circuit* 1871.

*D. Dickinson*, for Plaintiff.

*D. C. Holbrook*, for Defendant.

*By the Court*, PATCHIN, J.—This case was commenced by declaration, and one of the defendants, who resided in this county, was served, and another defendant, who is not jointly liable, and who lives out of the county, was also served with declaration.

The law of 1869, page 101, provides that when suit is commenced against two or more *joint* defendants, one or more of whom shall not reside or be found in the county where the suit shall be brought, and one or more of the defendants shall be served with process or declaration in the county where suit is commenced, the plaintiff in such actions may sue out one or more writs of summons, or other writ whereby such suit was commenced, directed to the county where such defendant not so served may be found.

The only question for consideration is, whether the law above

referred to applies to all cases of defendants, whether jointly liable or not. or whether by joint defendants is meant only those jointly liable.

I have been unable to find any cases in the books on this subject to aid in giving a construction to the law. In cases where the defendants are jointly liable, the appearance and defense of the resident defendant would in some degree at least protect the interests of the non-resident defendants; but in cases where there is no joint liability. the resident defendant might be quite as much interested as the plaintiff to establish the liability of the non-resident defendant.

It is easy to believe that the law was not intended to apply to defendants generally, and hence the use of the qualifying term making it applicable only to *joint* defendants, or defendants jointly liable. I am of opinion, therefore, the service on the non-residendent in this case was not warranted and must be set aside.